IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-734-L** |
| | § | |
| **PEGGY J. ROLAND,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Default Judgment, filed July 7, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.   Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on March 5, 2015, against Peggy J. Roland ("Defendant" or "Roland"). This action arises from the failure of Roland to make the required payments on loans she obtained in August and November 2003. The loans were disbursed for $2,625 on September 9, 2003 and $1,500 on November 18, 2003, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682). After demand of payment by the United States, Roland defaulted on the loan on February 19, 2004.

**Memorandum Opinion and Order – Page 1**

Roland was served with a copy of the summons and Complaint on June 6, 2015. Defendant was required to answer or otherwise respond to the Complaint by June 29, 2015, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. The deadline is June 29, 2015, because June 27th falls on a weekend, and the next day that was not a weekend or holiday was June 29th. To this date, Roland has not answered or otherwise responded to the Complaint.

On July 6, 2015, the United States requested the clerk of court to enter a default against Roland, and the clerk entered default against Roland the same day. Plaintiff now requests the court to enter a default judgment against Roland and award it damages and applicable interest as a result of his default.

**II.    Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Roland. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Roland, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Roland is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Roland owed the United States as of January 14, 2015, was $6,118.66 ($4,355.56 in principal and $1,763.10 in interest). Interest accrues on the principal at the rate of 3.13% per annum, or a per diem rate of $.37. The number of days from January 14, 2015, to July 8, 2015, is 175, which results in additional interest in the amount of $64.75. Therefore, the total amount of judgment to which the United States is entitled is **$6,183.41.**

### III.   Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$6,183.41.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 8th day of July, 2015.

_____
Sam A. Lindsay
United States District Judge